**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:  Case No. 16-14989-RBR
  Chapter 7
OLEG LUKOV,

_____Debtor._____/

OLGA GORELIK,  Adv. Pro. No. 17-01209-RBR

    Plaintiff,
v.

OLEG LUKOV, a/k/a ALEX LUKOV, a/k/a
ALEX LUKOVOS

    Defendant,_____/

## MOTION FOR PROTECTIVE ORDER

Olga Gorelik ("Gorelik" or the "Plaintiff") files this Motion for Protective Order and states as follows:

### A.    Procedural History

1. On April 6, 2017 (the "Petition Date"), Defendant Oleg Lukov (the "Defendant") commenced his underlying bankruptcy case by filing a voluntary Chapter 7 Petition in the Southern District of Florida Bankruptcy Court (Case No. 16-14989-RBR).

2. Prior to the Petition Date, the Plaintiff filed an action in the Supreme Court of the State of New York against the Defendant and three co-defendants (*Gorelik v. Lukov, et al.*, Supreme Court of New York, Kings County, Case No. 18128/08) (the "New York Action").

3. The New York Action alleged that the Defendant had committed, among other tortuous acts, fraud and a breach of fiduciary duty against Gorelik and sought an award of damages.

4. On June 23, 2014, the New York court entered a Final Judgment in the New York

Action determining that the Defendant owed the Plaintiff the sum of $1,352,092.04 (the "Final Judgment.").

5.     On May 24, 2017, the Plaintiff commenced the instant adversary proceeding seeking a determination that the amounts owed under the Final Judgment were non-dischargeable under 11 U.S.C. §523(a)(3), (a)(4) and (a)(6).

6.     The Defendant's Answer was filed on June 6, 2016 and an amended set of affirmative defenses was filed on August 7, 2017.

7.     The Plaintiff intends to move for summary judgment and will seek a determination that the doctrine of collateral estoppel compels a judgment of non-dischargeability herein.

8.     On August 16, 2017, the Defendant filed a Notice of Deposition, attempting to schedule a deposition of Plaintiff at Defendant's counsel's office in Fort Lauderdale.

9.     The Plaintiff, who is a longtime resident of the State of New York, objects to the location of the scheduled deposition.

### B. Relief Requested

10.    The Plaintiff requests the Court enter a protective order requiring either the Defendant be deposed in Kings County, New York or that the Defendant pay Plaintiff's flight and lodging expenses incurred in traveling to Florida.

11.    Federal Rule of Procedure 30(b)(1), made applicable to this proceeding by Bankruptcy Rule 7030, gives the party setting a deposition the initial right to select the depositions forum. However, Federal Rule of Procedure 26(c)(1)(B) authorizes a Court to enter a protective order to prevent "annoyance, embarrassment, oppression, or undue burden or expense."

12.    The present matter represents such a circumstance. The Plaintiff is a New York resident who entered into a business relationship with the Defendant in New York. Plaintiff eventually had to sue the Defendant in New York for committing fraud and breaching his fiduciary duties. The Plaintiff obtained a judgment in that action for over $1.3 million dollars, which remains

outstanding. The Defendant than moved to Florida and filed bankruptcy.

13. The Plaintiff has already had to incur the significant expense of retaining Florida counsel to bring the present non-dischargeability action. The Defendant is now seeking to increase her costs by forcing her to come to Florida for deposition.

14. Undersigned counsel certifies that he has tried to resolve the present dispute without the filing of this Motion, but has been unable to reach an agreement with the Defendant.

15. Accordingly entry of a protective order is appropriate.

WHEREFORE, the Plaintiff requests the Court enter a protective order requiring her deposition be held in Kings County, New York or alternatively, that the Defendant pay for her travel expenses and granting such further relief as is deemed just and proper.

**Attorney's Local Rule 2090-1(A) Certification**

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

HOFFMAN, LARIN & AGNETTI., P.A.
Counsel for the Plaintiff
909 North Miami Beach Blvd., Suite 201
North Miami Beach, FL 33162
Tel: (305) 653-5555
Fax: (305) 940-0090
Mshoffman@hlalaw.com

/s/ Michael S. Hoffman
Michael S. Hoffman
Florida Bar No.: 41164

3